HEARD APRIL TERM, 1876.

LEVY *vs.* WILLIAMS.

The Court has power at any time during a term to entertain a motion to dismiss an appeal, though the case should not, in regular course, be entered on the docket before a succeeding term.

An executor has an appealable interest in an order of the Circuit Court affecting the property and the trusts of the will.

BEFORE REED, J., AT CHARLESTON, MAY 11, 1876.

This was an action by Charles F. Levy, his wife and others, against George W. Williams and others, executors of the last will and testament of Jacob Barrett, deceased.

NOTE.—This case belongs properly to Vol. VIII, but no brief could be procured in time for its insertion therein.

The following order was made by His Honor:

"On hearing the report of George Lamb Buist, Special Referee, filed April 28, 1876, the exceptions in behalf of the executors, and the arguments of counsel, it is ordered that said report be confirmed in all respects, except as to the costs, which are to be charged upon the estate generally.

"It is further ordered and adjudged that the executors do. pay to James B. Campbell the sum of twenty-five hundred dollars, and that the costs be paid to the parties respectively entitled, and that they pay to Laura L. Levy an extra one-eighth part of the income as recommended by the report; and to enable the executors to make these payments, they are authorized and directed to sell sufficient of the personal estate, the same to be charged against the extra share referred to in the report, and the income of that share hereafter to be diminished proportionably."

The executors appealed, and this was a motion to dismiss the appeal.

*Simons & Siegling*, for appellants.

*Campbell & Campbell*, for the motion.

July 31, 1876. The opinion of the Court was delivered by

Moses, C. J. We do not see how we are concluded by any rule of the Court from entertaining at any time, when in term, a motion to dismiss an appeal, though the case in regular course will only be entered on the docket of the succeeding term. This is a power which the Court should not deprive itself of exercising on proper occasions, unless forced to do so from the want of legal rights. Its interposition might be very necessary to prevent any undue advantage by time or otherwise to a frivolous appeal. It should be retained, too, as a check upon appeals by mere nominal parties, having no interest in the case to be affected by the judgment of the appellate tribunal, but who seek it from vexatious or other improper motives.

The ground on which the motion is asked to dismiss the appeal of the executors is "for the want of any appealable interest or duty in the appellants," under the order of May 11, 1876.

By the will of the testator, Jacob Barrett, certain real estate was specifically devised to each of his children at a valuation fixed by him. On the final disposition of his estate the share assigned to each child was to be charged with the sum or valuation so annexed. This final division was to embrace all the rest and residue of his real and personal estate, of whatever character or kind, which he left "in trust of" his executors for the benefit of his children and grandchildren, the interest of all such property to be invested in safe securities and kept together until (by the codicil) ten years after his death, then the final division to be made, etc.

The title to the rest and residue vested and remained in the executors, as trustees, for the "benefit of his children and grandchildren." The executors were to invest the interest in safe securities, to be kept together until the final distribution of the estate. The trust imposed by the will on the executors was to retain the property until the period fixed by the will, when it was to be transferred to the hands of the devisees and legatees.

The order appealed from acts directly on the property, diverts it from the purpose for which it was to remain under the management of the executors, and directs such an amount of the personal property to be sold to meet the sum decreed by the order to be paid as a fee to the counsel of Mrs. Levy and to be charged against the extra share heretofore allowed her by the judgment of the Court. It is the duty of the executors to carry out the purpose of the testator in the mode declared by the will, which is the power under which they act. It is true, in a proper case made, a Court of competent jurisdiction may take control of the estate, or instruct the executor as to the manner in which he is to execute the will. Until, however, so ordered, he must conform to its provisions, and when directed to do otherwise by the Court its order is his protection. He is not bound, however, to follow the action of a Circuit Court, directing his administration of the estate in a particular manner, but has the right to seek the judgment of the appellate Court, which has the power to reverse or modify it.

While an executor may not be bound to appeal, and may, therefore, be excused for not doing so, we cannot see how he can be prevented from questioning by appeal the order of a Court which requires him to dispose of a part of the estate directed by the will to be kept in his hand for a certain designated time and purpose. If it should be held that an executor has no right to ask the judg-

ment of the Court ef last resort on an order of the Court below, made by consent even of all the devisees and legatees, but against his concurrence, the object of the testator in devolving upon him by the will the administration of the whole estate to the uses and on the condition and limitations expressed might be wholly perverted and defeated.

The executors here were charged with certain trusts, and they had the right to appeal from any order changing or in any way affecting their execution according to the intent of the testator apparent on the will.

All that we are to be understood as deciding is that the executors have such an interest in the order of May 11, 1876, as permits them to be heard by appeal in this Court. Any further judgment would be premature.

The motion is dismissed.

*Wright*, A. J., concurred.

*Willard*, A. J., absent at hearing.